IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES ROBERT BLODGETT,<br><br>                    Plaintiff,<br><br>    vs.<br><br>SILVER BOW COUNTY<br>DETENTION CENTER, MARK<br>JOHNSON, KEVIN DOHERTY,[1] and<br>RAY VAUGHN,<br><br>                    Defendants. | CV 23–93–BU–DWM<br><br><br>ORDER |

Plaintiff James Robert Blodgett, a pretrial detainee proceeding without

counsel, has filed a second amended civil rights complaint under 42 U.S.C. § 1983,

alleging that he received inadequate medical care for his heart condition at the

Butte-Silver Bow City-County Detention Facility in Butte, Montana, and was

retaliated against when he filed this lawsuit.  (Doc. 23.)  More specifically,

Blodgett alleges that: (1) Defendant Kevin Doherty neglected the directions

provided by his heart doctor, which resulted in him having to go to the emergency

room in January 2024 with a blood pressure of 218/128, (2) Defendant Mark

Johnson retaliated against him for filing a lawsuit by getting his Social Security

---

[1] The caption is amended to reflect the correct spelling of this defendant's name.
(*See* Doc. 35 at 1.)

benefits suspended, and (3) Defendant Ray Vaughn retaliated against him by refusing to pay his doctor bills. (*Id.* at 4–5.) He seeks to have his "charges drop[p]ed," to have the "medica[l] problems with the Jail fixed," and for $750,000 in damages. (*Id.* at 5.)

Defendants were required to answer. *See* 42 U.S.C. § 1997e(g)(2); (Doc. 25). Doherty—an independent contractor working for Community Counseling and Correctional Services—answered. (Doc. 35.) In lieu of answering, Defendants Butte-Silver Bow City-County Detention Center, Johnson, and Vaughn (collectively "County Defendants") filed a motion to dismiss Blodgett's Second Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 32.) That motion is granted; Blodgett's claims against the County Defendants are dismissed with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable

legal theory or an absence of sufficient facts alleged to support a cognizable legal

theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017)

(internal quotation marks omitted).  At this stage of the proceeding, the facts

alleged by Blodgett are assumed to be true and construed in the light most

favorable to him.  *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir.

2021).  Pro se complaints are to be construed liberally, *Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010), and, ordinarily, a court should permit pro se litigants an

opportunity to amend their complaint in order to state a plausible claim, *see United

States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal

without leave to amend is improper unless it is clear, upon *de novo* review, that the

complaint could not be saved by any amendment.") (internal quotation marks

omitted).  But "[c]ourts are not required to grant leave to amend if a complaint

lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## ANALYSIS

Section 1983 confers a tort remedy upon individuals "whose constitutional

rights have been violated by state officials acting 'under color of' law." *Whalen v.

McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983).

Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States

was violated, and (2) that the alleged violation was committed by a person acting

under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134,

1144 (9th Cir. 2021) (internal quotation marks omitted).

## I.   Defendants and Capacities

County Defendants first argue that Blodgett has failed to state a claim

against any of the defendants in their official capacities or against the County, as

he does not allege a policy or custom underlying his alleged injuries. *See Sandoval*

*v. Cnty. of San Diego*, 985 F.3d 657, 681 (9th Cir. 2021) (citing *Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658, 694 (1978).  Indeed, Blodgett's claims are based on the

individual conduct of the individual defendants. *See Leer v. Murphy*, 844 F.2d

628, 633 (9th Cir. 1988).  Accordingly, Blodgett's official-capacity claims are

dismissed with prejudice, as are his claims against Silver Bow County as the

operator of the Silver Bow Detention Facility.

## II.   Medical Care

Blodgett alleges that he was denied adequate medical care for his heart

condition, specifically that Doherty "neglect[ed] to follow [his] heart doctor's

written instructions" from October 10, 2023, until he went to the emergency room

on January 21, 2024.  (Doc. 23 at 4.)  In so alleging, Blodgett specifically invokes

the Eighth Amendment.  (*Id.*)  County Defendants argue that this claim should be

dismissed because the Eighth Amendment does not apply to pretrial detainees.

Indeed, medical care in the pretrial detainee context is evaluated under the

4

Fourteenth Amendment Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d

1118, 1124–25 (9th Cir. 2018).  And Blodgett was informed of this fact when his

complaint was initially screened.  (*See* Doc. 17 at 15.)  However, the facts alleged

by Blodgett are sufficient to give rise to a claim under the Fourteenth Amendment,

despite his mislabeling of the applicable law.[2]  Thus, Blodgett's claim regarding

inadequate medical care survives.  Nonetheless, County Defendants are correct that

this claim is directed against Doherty alone.  (*See* Doc. 23 at 4; Doc. 33 at 10–11.)

### III.   Retaliation

Finally, County Defendants argue that Blodgett fails to state a First

Amendment claim for retaliation.  Blodgett alleges that he was retaliated against

for filing lawsuits "[b]y Mark Johnson telling disability to shut mine off[] the same

day the lawsuit against the jail was filed," and when "Vaughn refuse[d] to pay [his]

doctor bills even though [he was a] prisoner in his facility."  (Doc. 23 at 4, 5.)

"Prisoners have a First Amendment right to file grievances [and lawsuits]

against prison officials and to be free from retaliation for doing so." *Watison v.

Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d

1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim of First

Amendment retaliation entails five basic elements: (1) [a]n assertion that a state

---

[2] Blodgett also appears to dispute that he is a pretrial detainee.  (*See* Doc. 40 at 2.)
If the record bears that out, his claim would fall under the Eighth Amendment and
would be considered under that framework.

actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

County Defendants argue that Blodgett's retaliation claims fail on the first element because no "adverse" action was taken as (1) they have no control over the suspension of Social Security benefits and (2) Montana law provides that an inmate is responsible for his or her own medical costs associated with a preexisting condition. Those arguments are compelling. As to the first, even if Blodgett's benefits should not have been suspended because he had not yet been convicted, *see* 42 U.S.C. § 402(x), that decision was outside of County Defendants' control. Second, Montana law requires inmates to pay certain medical expenses out-of-pocket. *See* Mont. Code Ann. § 7–32–2245. Accordingly, County Defendants' motion to dismiss Blodgett's retaliation claim is granted.

## IV.   Amendment

Blodgett's Second Amended Complaint does not cure all the capacity defects identified in this Court's previous orders, (*see* Docs. 17, 22), and he cannot show he was retaliated against as a matter of law. Blodgett's claims again County Defendants are therefore dismissed without leave to amend. *See Lopez*, 203 F.3d at 1129.

## CONCLUSION

Based on the foregoing, County Defendants motion to dismiss (Doc. 32) is GRANTED. Blodgett's claims against the County Defendants are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the caption shall be amended to reflect that Kevin Doherty is the only remaining defendant.

DATED this 15 day of October, 2024.

Donald W. Molloy, District Judge
United States District Court